*Michael C. Vaccaro, Esq. - #008441999*
## KEARNS DUFFY & VACCARO, P.C.
*3648 VALLEY ROAD, P.O. BOX 56*
*LIBERTY CORNER, NEW JERSEY 07938*
*(908) 647-7773*
*ATTORNEYS FOR PLAINTIFF*
Our File No.:  10218-V

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

| | |
|---|---|
| AUDREY YEUNG by her subrogee WESCO INSURANCE COMPANY, | Civil Action No. |
| Plaintiff(s), | |
| v. | **COMPLAINT** |
| AMAZON.COM, INC., ABC CORP. (1-20) (fictitious and unidentified business entities), | |
| Defendant(s). | |

Plaintiff, Audrey Yeung, by her subrogee, Wesco Insurance Company, with a place of business located at 800 Superior Avenue East, Cleveland, Ohio 44114, by way of complaint against the defendants says:

### JURISDICTION

1.      Jurisdiction in this case is based on diversity of citizenship of the parties and the amount in controversy. The plaintiff resides in Philadelphia, Pennsylvania. The location of the incident underlying this litigation is in Vineland, New Jersey. Defendant, Amazon.com, Inc., is a corporation having its principal place of business in the State of Washington. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## PARTIES

2.      Plaintiff, Audrey Yeung, resided in Philadelphia, Pennsylvania and owned the property located at 505 East Landis Avenue, Vineland, New Jersey, which was rented to plaintiff's insured's tenants, Megan Brown and Christian Monroig.

3.      Defendant, Amazon.com, Inc. ("Amazon"), is a corporation involved in the distribution, marketing and digital sale of, among others, electronic accessories including, but not limited to, hoverboards, and has corporate headquarters at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734, is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Washington.

4.      At all times relevant hereto defendant, ABC Corps. 1-20, are the fictitious names of individuals who may have played a role in the sale, manufacture, distribution and/or design of the subject product.

## BACKGROUND

5.      On or about November 28, 2016, a fire occurred at the property located at 505 East Landis Avenue, Vineland, New Jersey ("the property"), which was owned by Audrey Yeung.

6.      The fire was found to have originated from a hoverboard which had been purchased online on November 26, 2015 through Amazon's Marketplace by plaintiff's insured's tenant, Megan Brown, for Christian Monroig.

7.      While in the care, custody, and control of plaintiff's insured's tenants, the hoverboard started a fire which spread throughout the plaintiff's property.

8.      As a direct and proximate result of this fire and the negligence of the defendants, plaintiff's insured sustained severe and significant property damage.

**COUNT 1**
**STRICT PRODUCTS LIABILITY**

9.      Plaintiff repeats the allegations set forth in paragraphs 1 through 17 as though set forth at length herein.

10.      Defendants were at all relevant times hereto involved in the distribution, marketing, sale and/or placing into the stream of commerce, hoverboards, and did distribute, market, sell and/or place into the stream of commerce the hoverboards at issue in this case.

11.      At all times relevant to hereto, the hoverboard was defective as to design and manufacture at the time it left the facilities of defendants.

12.      The defects present at the time the hoverboard was sold, distributed, or placed into the stream of commerce including, but are not limited to:

    a.   The hoverboard presented an unreasonable dangerous risk that it would cause a fire while in use;
    b.   The materials and the design of the hoverboard were insufficient or inadequate so as to prevent the hoverboard from causing a fire while in use;
    c.   Defendants failed to ensure the presence of adequate safety features, including but not limited to adequate thermal sensors, in order to prevent the hoverboard from overheating and causing a fire;
    d.   Defendants failed to ensure the presence of features which might prevent an electrical malfunction from causing a fire;
    e.   The hoverboard was unsafe for its intended and foreseeable uses;
    f.   The materials and design of the hoverboard created an unreasonably dangerous risk of fire; and
    g.   Failure to incorporate safety devices or features capable of detecting and/or interrupting a failure or preventing a failure from causing a fire.

13.      Upon information and belief, at the time of the fire, the hoverboard was in substantially the same condition as it was at the time it was designed, manufactured, distributed, marketed, and/or sold by defendants.

14.     Under the circumstances then and there existing, defendants' hoverboard was unsafe for its intended use for the reason that the product had caused an unreasonably dangerous condition.

15.     The fire, and the subsequent injuries sustained by the plaintiff's insured, were due to and proximately caused by the aforementioned defective and unreasonably dangerous condition of the hoverboard.

**WHEREFORE**, plaintiff demands judgment for compensatory damages against defendants, jointly and severally, in an amount in excess of $200,000, together with the costs of this action, and any other relief this Court may deem just and proper.

**SECOND COUNT**
**<u>BREACH OF WARRANTY</u>**

16.     Plaintiff repeats the allegations set forth in paragraphs 1 through 25 as though set forth at length herein.

17.     At all times relevant herein defendants were involved in the design, manufacture, distribution, marketing, sale and/or placing into the stream of commerce, hoverboards, and did design, manufacture, distribute, market, sell and/or place into the stream of commerce the hoverboard at issue in this case.

18.     Defendants expressly and/or impliedly warranted that the subject hoverboard was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

19.     The fire on November 28, 2016 and the consequent damages sustained by plaintiff's insured were caused by defendants' breach of such express and/or implied warranties.

20.     As a direct and proximate result of the breach of the express and/or implied warranties, the subject incident occurred, causing severe and significant property damage.

21.     By reason of the foregoing, plaintiff sustained severe and significant damages in excess of $200,000.

**WHEREFORE**, plaintiff demands judgment for compensatory damages against defendants, jointly and severally, together with interest, attorney's fees and costs of suit.

### THIRD COUNT
### NEGLIGENCE

22.     Plaintiff repeats the allegations set forth in paragraphs 1 through 31 as though set forth at length herein.

23.     At all times relevant herein defendants had a duty to exercise reasonable care in the design, manufacture, distribution, marketing and/or sale in placing hoverboards into the stream of commerce.

24.     Defendants breached this duty in failing to exercise reasonable care in the design, manufacture, distribution, marketing and/or sale in placing the subject hoverboard into the stream of commerce.

25.     The fire on November 28, 2016, and the consequent damages sustained by plaintiff's insured, were caused by defendants' breach of their duty.

26.     As a direct and proximate result of the breach of this duty, the subject incident occurred, causing plaintiff's insured to sustain severe and significant property damage.

27.     By reason of the foregoing, plaintiff sustained severe and significant personal injuries.

**WHEREFORE**, plaintiff demands judgment for damages in their favor against defendants, jointly and severally, together with interest, attorney's fees and costs of suit.

**CERTIFICATION**

I hereby certify this matter is not the subject of another matter pending in the United States District Court, District of New Jersey.

KEARNS DUFFY & VACCARO, P.C.

By: _____
MICHAEL C. VACCARO
Attorney ID #008441999
Kearns Duffy & Vaccaro, P.C.
3648 Valley Road, P.O. Box 56
Liberty Corner, NJ 07938
Tel No.: 908-647-7773
MCV@kdvlawyers.com
Dated: October 27, 2020                    Attorney for Plaintiff